IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-00561-REB-PAC

EMERSON FALLICE CALVERT,

         Plaintiff,

v.

LINCOLN COUNTY OFFICIALS, and
LINCOLN COUNTY SHERIFF,

         Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Patricia A. Coan, United States Magistrate Judge

         This is a *pro se* action under 42 U.S.C. §1983.  The matters before the court are

defendants' Combined Motion to Dismiss and Memorandum Brief in Support Thereof, filed

June 15, 2006, and plaintiff's motion to reinstate his supplemental response [sur-reply]

(Doc. #33), filed October 10, 2006.  A May 19, 2006 Order of Reference referred this case

to the undersigned to conduct pretrial proceedings and to issue recommendations for

rulings on dispositive motions.  The motion to dismiss is fully briefed and I have

determined that oral argument would not be of material assistance.

         I first address plaintiff's motion to reinstate his supplemental response [sur-reply].

On July 26, 2006, plaintiff filed his "Verified Response to Defendants' Motion to Dismiss,

Supplement to Motion to Dismiss and Reply to Motion to Dismiss."  The District Judge

construed the Verified Response as a sur-reply and entered a Minute Order striking the

document on July 27, 2006 because plaintiff did not obtain leave of court to file it.  I have

considered plaintiff's Verified Response and attachments thereto in ruling on defendants' motion to dismiss for lack of subject matter jurisdiction.  Because of plaintiff's *pro se* status, it is **RECOMMENDED** that plaintiff's motion to reinstate his supplemental response [sur-reply], filed October 10, 2006, be **GRANTED** and that the court's July 27, 2006 Minute Order striking that document be vacated.

I.

A.    Prior Federal Court Proceeding

In 2005, plaintiff filed a §1983 action, *Calvert v. Safranek, et al.*, Civil Action No. 05-cv-1713-REB-PAC, asserting violations of his Fourteenth Amendment due process and equal protection rights, malicious prosecution and other claims, against Lincoln County officials.  Plaintiff alleged in that action that he operates a salvage yard and vehicle repair shop on property located in Limon Colorado, Lincoln County, and also uses the property to store cars and construction equipment.  (*See* December 19, 2005 Recommendation of United States Magistrate Judge in Civil Action No. 05-cv-1713-REB-PAC, at 2).  In 1998, the State of Colorado charged plaintiff with violating the Lincoln County zoning regulations by maintaining the property in the condition of a "junk yard" in *People v. Calvert, et al.*, Lincoln County District Court Case No. 98-cv-9.  (*Id.*)   The Lincoln County Attorney filed a Complaint for Injunction, Abatement of Nuisance, and Civil Penalties in *Bd. of Cnty. Comm'rs of the Cnty. of Lincoln v. Calvert,* Lincoln County District Court Case No. 02-cv-40, in September 2002, after plaintiff failed to clean up the property and comply with a Notice of Violation and Cease and Desist Order.   (*Id.* at 3)  Following a bench trial, the Lincoln County District Court entered a judgment against plaintiff in October 2003 ordering:

that plaintiff was permanently restrained and enjoined from continued violation of Lincoln County zoning laws; that plaintiff remove all unlawful items from the subject property before December 31, 2003, except for certain enumerated items of personal property that plaintiff would be allowed to retain; and, that plaintiff would be subject to civil penalties for failure to remove the unlawful items by the court-ordered deadline.[1]  (*Id.*)

Plaintiff was held in contempt of court on April 18, 2005 for failure to comply with the state court's October 2003 Order, resulting in the imposition of monetary fines, jail detention and home detention.  *See* December 19, 2006 Recommendation of United States Magistrate Judge, at 4-5; July 13, 2006 Supplement to Motion to Dismiss in Civil Action No. 06-cv-00561-REB-PAC; Amended Compl., at ¶4.

In Civil Action No. 05-cv-01713-REB-PAC, the court dismissed plaintiff's Fourteenth Amendment due process deprivation of property claim, equal protection claim and malicious prosecution claim for lack of subject matter jurisdiction under the *Rooker-Feldman*[2] doctrine.  *See* December 19, 2005 Recommendation of United States Magistrate Judge in Civil Action No. 05-cv-1713-REB-PAC, *adopted* on January 30, 2006. The court dismissed the remainder of plaintiffs' claims against the individual defendants on immunity grounds or for failure to state a claim upon which relief can be granted.  *Id.*

B.    The Instant Action

Plaintiff again sues the Lincoln County Board of County Commissioners and Lincoln

---

[1]Plaintiff told the court at a November 15, 2005 hearing that he did not appeal the state district court's order.

[2]*Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983).

3

County Sheriff Leroy Yowell. Plaintiff alleges that on January 28, 2005, his daughters granted him Power of Attorney over certain real property which was the subject of plaintiff's application for a salvage yard permit. (Amended Complaint, at ¶4)  Lincoln County denied plaintiff's application on the ground that plaintiff did not have standing to apply for a permit based solely on the Power of Attorney granted to him by his daughters. (*Id.*)  According to plaintiff, the Lincoln County Attorney advised him at the "zoning meeting" that plaintiff needed a letter from his daughters giving him permission to operate a salvage yard on the premises. *See* July 13, 2006 Response to Motion to Dismiss, at 4.

Plaintiff continued to operate a salvage yard on the subject property without a permit and was cited by Lincoln County. (*Id.*)  A contempt proceeding was held in Lincoln County District Court on June 26, 2006 in *Bd. of Cnty. Comm'rs of the Cnty. of Lincoln v. Calvert*, Case No. 02-cv-40. *See* Order Re: Motion for Contempt, attached to Defendants' Supplement to Motion to Dismiss, filed July 13, 2006.  Plaintiff argued that he was being selectively prosecuted because other persons in the community had violated the ordinance, but were not cited. After hearing plaintiff's testimony and considering plaintiff's evidence, the state court determined that plaintiff had not been prosecuted selectively by the County.  *See* June 29, 2006 Order re: Motion for Contempt, attached to Defendants' July 13, 2006 Supplement to Motion to Dismiss.  The state court further found that plaintiff failed to comply with the October 2003 judgment permanently restraining and enjoining him from continued violation of Lincoln County zoning laws and requiring plaintiff to remove all unlawful items from the subject property before December 31, 2003, and with the April 2005 contempt order. (*Id.*)  The court sentenced plaintiff to ninety days in jail, but

4

suspended the sentence for 120 days so that plaintiff could comply with the Lincoln County zoning ordinances.  (*Id.*)

Plaintiff claims in this §1983 action that defendants: (1) denied plaintiff's 2005 permit application "without lawful reason"; (2) selectively prosecuted and discriminated against plaintiff, in violation of the Constitution; (3) conspired against plaintiff in violation of 18 U.S.C. §242; and, that (4) defendants have interfered with plaintiff's right to peacefully pursue a living in violation of the Full Faith and Credit Clause.  Plaintiff seeks monetary relief from the defendants and asks the court to enjoin defendants from prosecuting further enforcement proceedings in Lincoln County District Court Case No. 02-cv-40.

## II.

Defendants move to dismiss the amended complaint under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

The party bringing an action in federal court bears the burden of showing that the case falls within the court's subject matter jurisdiction.  *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 512 (10th Cir. 1994).  Where the defendants' challenge to the court's subject matter jurisdiction is lodged as a facial attack on the complaint, the court must accept the allegations of the complaint as true.  *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  If the defendant goes beyond the allegations of the complaint and challenges the facts upon which subject matter jurisdiction depends, the court may not presume the truthfulness of the plaintiff's factual allegations, but must resolve disputed issues of fact.

5

*Id.* at 1003.   The court's reference to documents outside the pleadings does not convert the Rule 12(b)(1) motion into a Rule 56 motion.   *Id.*

In considering a motion to dismiss for failure to state a claim for relief under Rule 12(b)(6), the court accepts well-pleaded factual allegations as true and resolves all reasonable inferences in plaintiff's favor.   *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Bauchman v. West High School*, 132 F.3d 542, 550 (10th Cir. 1997)(internal citations omitted). Dismissal is appropriate only if  "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see, also, Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 586 (10th Cir. 1994); *Miller*, 948 F.2d at 1565.

*Pro se* pleadings are to be construed liberally.   *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).   A *pro se* litigant should be given a reasonable opportunity to remedy defects in his  pleadings if his factual allegations are close to stating a claim for relief. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be granted."   *Id.*   A court will not construct legal theories which assume facts that have not been pleaded, *see Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), nor is the court obligated to "supply additional factual allegations to round out a plaintiff's complaint."   *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

III.

A.      Applicability of *Rooker-Feldman* doctrine

Defendants first argue that the court lacks subject matter jurisdiction over some of

6

plaintiffs' claims under the *Rooker-Feldman* doctrine.

In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), the Supreme Court held that lower federal courts do not have subject matter jurisdiction to hear claims actually decided by a state court.  The Court later extended the holding of *Rooker* to bar lower federal court review of claims that are "inextricably intertwined" with a state court judgment. *See Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983).

The *Rooker-Feldman* doctrine prohibits "a party losing in state court from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Crutchfield v. Countrywide Home Loans,* 389 F.3d 1144, 1148 (10th Cir. 2004)(internal quotations and citations omitted).

A federal claim is inextricably intertwined with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987)(Marshall, J. concurring).  Moreover, the federal claim is barred if "the injury alleged by the federal plaintiff resulted from the state court judgment itself," as opposed to being distinct from that judgment. *Kenmen Engineering v. City of Union,* 314 F.3d 468, 476 (10th Cir. 2002)(internal quotations and citation omitted), *over-ruled in part by Exxon Mobil Corp. v. Saudi Basic Indus. Corp*, 544 U.S. 280 (2005).  The jurisdictional bar applies even when the federal-court plaintiff did not have an opportunity to litigate his claims in the state court proceeding.  *Id.*

*Rooker-Feldman* applies only to final state court decisions.  *See Exxon Mobil Corp.,* 544 U.S. at __, 125 S.Ct. at 1522-23, 1526.  A state court decision is final "if a lower state

court issues a judgment and the losing party allows the time for appeal to expire." *Bear v. Patton*, 451 F.3d 639, 642 (10th Cir. 2006)(internal citation and quotation marks omitted).

Plaintiff claims that he has been selectively prosecuted for using the subject property for purposes not authorized by local zoning laws. (Amended Compl., at ¶7) Plaintiff asserts that Lincoln County officials have discriminated against him by enforcing the county zoning laws against him for unauthorized operation of a salvage yard, while other persons who engaged in similar conduct without a junk yard permit were not prosecuted. (*Id.* at ¶10) Plaintiff also alleges that he received a letter from the land use commissioner stating that the commissioner found a developmental permit in the county's record which allows plaintiff to operate his "business" and that plaintiff can therefore disregard the County's cease and desist order. (*Id.* at ¶15) Plaintiff asks the court to enjoin the defendants from pursuing any further enforcement actions against him in the Lincoln County District Court. (*Id.* at ¶9) Plaintiff also seeks monetary relief against the defendants. (*Id.* at ¶12)

I liberally construe plaintiff's claims as asserting violations of his rights under the Fourteenth Amendment Equal Protection Clause.

The government retains "broad discretion" as to whom to prosecute. *Wayte v. United States*, 470 U.S. 598, 607 (1985). " '[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file ... generally rests entirely in his discretion.'" *Id.* (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)). "[T]he conscious exercise of some selectivity in enforcement is not per se a federal constitution violation." *Oyler v.*

8

*Boles*, 368 U.S. 448, 506 (1962).

To state a claim of selective prosecution in violation of the Equal Protection Clause, plaintiff must allege facts to show that "he has been singled out for prosecution while others similarly situated generally have not been proceeded against for the type of conduct forming the basis of the charge against him." *United States v. Furman*, 31 F.3d 1034, 1037 (10th Cir. 1994)(quoting *United States v. Salazar*, 720 F.2d 1482, 1487 (10th Cir.1983)).

Plaintiff must also show that the government's selection of him for prosecution "was invidious or in bad faith and was based on impermissible considerations such as race, religion, or the desire to prevent the exercise of constitutional rights." *Salazar*, 720 F.2d at 1487; *see*, *also*, *Bordenkircher*, 434 U.S. at 364 ("`[T]he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation' so long as 'the selection was [not] deliberately based upon an unjustifiable standard such as race, religion or other arbitrary classification.'")(quoting *Oyler*, 368 U.S. at 456).   Alternatively, plaintiff must allege that a government official singled him out for intentional or purposeful discrimination without a legitimate government objective. *Buckley Const. Inc. v. Shawnee Civic & Cultural Dev. Authority*, 933 F.2d 853, 859 (10th Cir. 1991)(citing *Snowden v. Hughes*, 321 U.S. 1, 8 (1944))(recognizing that an equal protection violation may arise from intentional or purposeful discrimination against a particular person in the application of state laws even if that person is not a member of an identified class); *Bartell v. Aurora Public Schools*, 263 F.3d 1143 (10th Cir. 2001)(same);*see*, *also*, *Vanderhurst v. Colorado Mtn. College Dist.*, 16 F.Supp.2d 1297, 1301-02 (D. Colo. 1998)(Babcock, J.)(same).

In Civil Action No. 05-cv-01713-REB-PAC, plaintiff alleged that within a three block

9

radius of his property was "a former feed lot turned city junk yard," a packing plant with

various pieces of equipment outside the plant and on the road leading to the plant, three

trucking companies with trucks, trailers, tires, and various tools and equipment on the

outside premises, a construction company storage lot with rows of lumber, construction

equipment and other miscellaneous equipment outside, and two veterinary clinics with

dead carcasses outside.  In that case, the court assumed that the conditions of the other

properties identified by plaintiff were not permitted and were otherwise similarly situated

to the condition of plaintiff's property, but found that plaintiff did not allege any facts to

support a finding that the County's prosecution of him for violating county zoning laws was

based on any impermissible considerations such as race, religion or the desire to prevent

plaintiff from exercising his constitutional rights.  *Salazar*, 720 F.2d at 1487; *Furman*, 31

F.3d at 1037.  *See* December 19, 2006 Recommendation of United States Magistrate

Judge, at 11, *adopted* on January 30, 2006.

Plaintiff also failed to show in Civil Action No. 05-cv-01713-REB-PAC that the

alleged intentional discrimination was not related to any legitimate governmental objective.

The state court implicitly found that the zoning enforcement action against plaintiff was

valid when the court entered judgment in favor of Lincoln County in Civil Action 02-cv-40.

Thus, plaintiff's equal protection claim could "succeed only to the extent that the state court

wrongly decided the issue before it."  *Penzoil*, 481 U.S. at 25 (Marshall, J., concurring))

Plaintiff asked the court to enjoin the defendants from further enforcement of the state

court's October 2003 order, and requested damages resulting from his having to comply

with that order.  Accordingly, the court found that but for the state court judgment holding

that plaintiff had violated Lincoln County zoning laws, plaintiff would not be seeking redress in this court. *Kenmen Engineering*, 314 F.3d at 477. The court thus dismissed plaintiff's Fourteenth Amendment equal protection claim against the individual Lincoln County defendants under the *Rooker-Feldman* doctrine because the claim was inextricably intertwined with the state court judgment. *See* December 19, 2006 Recommendation of United States Magistrate Judge in Civil Action No. 05-cv-01713-REB-PAC, at 11, *adopted* on January 30, 2006.

Likewise, in the instant action, plaintiff's equal protection claims asserted in his first and second claims for relief, discussed above, are based on essentially the same facts raised by plaintiff in Case No. 05-cv-01713-REB-PAC and are thus inextricably intertwined with the state court's October 2003 judgment,  a final order from which plaintiff admittedly did not appeal.[3] The contempt proceedings that result from plaintiff's failure to comply with the October 2003 permanent injunction are also inextricably intertwined with the final state court order. Stated otherwise, the state court judgment actually and proximately caused the injury for which plaintiff seeks redress in this court. *See Kenmen Engineering*, 314 F.3d at 476. I thus recommend that plaintiff's equal protection claims asserting that defendants have discriminated against him in prosecuting *Bd. of Cnty. Comm'rs of the Cnty. of Lincoln v. Calvert*, Lincoln County District Court Case No. 02-cv-40, and in enforcing, through contempt proceedings, the permanent injunction entered in that case

---

[3]Plaintiff alleges in his Amended Complaint, at ¶15, that he received a letter from the Land Use Commissioner stating that the Commissioner found a development permit in the County's record which allows plaintiff to operate a salvage yard business on the property and advising plaintiff that plaintiff could disregard the County's cease and desist order. Plaintiff does not state when he received the letter or whether he brought the letter to the attention of the state court. In any event, the new factual allegation does not affect this court's disposition of plaintiff's claims under *Rooker-Feldman*.

in October 2003, be dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.[4]

Moreover, to the extent plaintiff's third claim for relief – that defendants have interfered with his right to peacefully pursue a living in violation of the Constitution's full faith and credit clause – is based on the October 2003 permanent injunction and subsequent enforcement proceedings, I recommend finding that the court also lacks subject matter jurisdiction over that claim under *Rooker-Feldman*.

Plaintiff's claims arising out of defendants' denial of plaintiff's 2005 permit application should not be dismissed under the *Rooker-Feldman* doctrine, however, because those claims are distinct from the October 2003 state court judgment.

B.     Lack of Standing/Failure to State a Claim

Defendants next argue that plaintiff lacks Article III standing to assert constitutional claims arising out of the defendants' denial of plaintiffs' 2005 permit application because plaintiff is not the owner of the subject property and plaintiff cannot assert claims on behalf of the owners – his daughters.

"A federal court's jurisdiction . . . can be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action." *Warth v. Seldin*, 422 U.S. 490, 499 (1975)(internal citations and quotation marks omitted).  Even when the plaintiff has alleged injury sufficient to meet Article III's 'case or controversy' requirement, "the plaintiff generally must assert his own legal rights and interests, and

---

[4]I do not reach defendants' arguments that the court should abstain from hearing plaintiff's equal protection claims under *Younger v. Harris*, 401 U.S. 37 (1971), or that plaintiffs' requests for damages are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

cannot rest his claim to relief on the legal rights or interests of third parties." *Id.*[5]

Contrary to defendants' assertions, it does not appear to the court that plaintiff is attempting to assert his daughters' rights in this lawsuit. Instead, plaintiff is asserting his own rights as a Lincoln County resident who applied for a development permit and who was not the owner of the subject property.

Plaintiff alleges: "In January of 2005 I paid for the application of a permit on behalf of the owners of the property for whom I have been issued a Power of Attorney. My application for a permit was summarily denied under the premise that I had no standing to apply for it, regardless of the Power of Attorney." (Amended Compl., at ¶4) Plaintiff further states in other filings that he was told by the Lincoln County Commissioners that he would need a "lease agreement" between him and his daughters to apply for the permit, and that the County Attorney told him that he needed a letter from his daughters authorizing him to use the property for a junk yard. *See* Plaintiff Calvert's Verified Response, filed July 26, 2006, at 4; July 13, 2006 Response to Motion to Dismiss, at 3.

Article 3 of the Lincoln County Zoning Resolution, Division 1, "Development Permit Application and Review," Section 3-100, provides: "If the applicant is not the owner of the property, or is a contract purchaser of the property, a letter signed by the owner consenting to the submission of the application shall be submitted." (Plaintiff Calvert's Verified Response, Ex. D)

---

[5]Moreover, a *pro se* plaintiff does not have standing to represent others in a civil action under a power of attorney. 28 U.S.C. §1654 (stating that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.") *see, also, DePonceau v. Pataki*, 315 F.Supp.2d 338, 341-42 (W.D.N.Y. 2004); *Lutz v. Lavelle*, 809 F.Supp. 323, 325 (M.D.Pa. 1991).

The power of attorney each of plaintiff's daughters executed was for the limited purpose of authorizing plaintiff to sell the subject property. (*See* Plaintiff Calvert's Verified Response, Ex. B)  Those documents do not by any conceivable means constitute a letter signed by the owners of the property consenting to plaintiff's application for a permit to operate a salvage yard on the property.   Plaintiff thus failed to comply with Lincoln County's requirements for submitting a development permit application by a person who does not own the subject property.  I recommend that plaintiff's claim that his application for a permit was denied without lawful reason be dismissed because plaintiff admittedly did not meet the County's zoning resolution procedures for obtaining a development permit and plaintiff otherwise does not state any specific facts to show that his permit application was denied for an unlawful reason that violated his Constitutional or other federally-protected rights.[6]

Plaintiff's equal protection claim arising out of the denial of his 2005 salvage yard permit application should also be dismissed for failure to state a claim upon which relief can be granted.   Even assuming that plaintiff has adequately alleged that defendants denied the permit application because of personal animosity toward the plaintiff, plaintiff does not state facts to show that he is similarly situated to other non property owners who applied for a development permit.  *See Bartell*, 263 F.3d at 1149 (plaintiff asserting equal protection theory based on "class of one" must show that "the action taken by the state, whether in the form of prosecution or otherwise, was a spiteful effort to 'get' [him] for

---

[6]Plaintiff states in his July 13, 2006 response that he can establish that he is the legal owner of the property under Colorado law.  However, plaintiff did not apply for the permit as the property owner and cannot assert any legal rights vis-a-vis the 2005 application process in that capacity.

reasons wholly unrelated to any legitimate state objective,' and that he was treated differently than similarly situated individuals)(quoting *Esmail v. Macrane*, 53 F.3d 176, 180 (7th Cir. 1995)); *Jennings v. Stillwater*, 383 F.3d 1199, 1209-11 (10th Cir.2004)(recognizing that plaintiff claiming equal protection violation based on a "class of one" must allege that defendants acted out of animus or spite, and must also allege facts to show that defendants treated him differently from similarly situated citizens and that no rational basis existed for such differential treatment)(citing *Esmail*).

Plaintiff's criminal conspiracy claim against defendants under 18 U.S.C. §242, asserted as part of claim two, should be dismissed because a plaintiff cannot recover civil damages for an alleged violation of a criminal statute. *See Shaw* v. *Neece*, 727 F.2d 947, 949 (10th Cir. 1984); *see, also, Creech v. Federal Land Bank of Witchita*, 647 F.Supp. 1097, 1099 (D.Colo. 1986).

Finally, plaintiff asserts in claim three that defendants have interfered with his right to peacefully pursue a living in violation of the Constitution's full faith and credit clause, Art. IV, Section 1.

Claim three is based on same facts as plaintiff's other claims.  To the extent claim three is not barred by *Rooker-Feldman*, plaintiff does not have a private cause of action under the full faith and credit clause. Article IV, Section 1 of the United States Constitution provides: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State.  And the Congress may be general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

"The full faith and credit clause `has nothing to do with the conduct of individuals . . . and to invoke the rule which it prescribes does not make a case arising under the Constitution or laws of the United States.'" *Rogers and Platt*, 814 F.2d 683, 690 (D.C. Cir. 1987)(citing *Minnesota v. Northern Securities Co.*, 194 U.S. 48, 72 (1904). Accordingly, claim three should be dismissed for lack of subject matter jurisdiction, or, in the alternative, for failure to state a claim upon which relief can be granted.

IV.

For the reasons set forth above, it is

**RECOMMENDED** that plaintiff's motion to reinstate his supplemental response [sur-reply], filed October 10, 2006, be **GRANTED** and that the court's July 27, 2006 Minute Order striking that document be vacated.   It is

**RECOMMENDED** that defendants' Combined Motion to Dismiss and Memorandum Brief in Support Thereof, filed June 15, 2006, be **GRANTED**.   It is

**FURTHER RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE.** It is

**FURTHER RECOMMENDED** that the District Judge warn plaintiff, under Fed.R.Civ.P. 11(c)(1)(B), that plaintiff is subject to being sanctioned under Fed.R.Civ.P. 11(b)(2) if he files another frivolous lawsuit naming Lincoln County officials, state judges or other government officials as defendants and asserting claims against them arising out of the October 2003 judgment entered in *Bd. of Cnty. Comm'rs of the Cnty. of Lincoln v. Calvert*, Lincoln County District Court Case No. 02-cv-40.   *See* Discussion of Plaintiff's Federal Case Filing History, as detailed in defendants' Combined Motion to Dismiss, at 2-

3.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. The district judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of de novo review of the recommendation by the district judge and may also waive the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated November 13, 2006.

BY THE COURT:

s/ Michael J. Watanabe *for*
PATRICIA A. COAN
United States Magistrate Judge